## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **CRAIG HICKS**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **ALARM.COM INC.**, a Delaware corporation, <br><br> *Defendant*. | Case No. 1:20-cv-532 <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Craig Hicks brings this class action under the Telephone Consumer Protection Act and Virginia Telephone Privacy Protection Act against Defendant Alarm.com Inc. to stop its practice of making unauthorized pre-recorded voice calls and sending unauthorized text messages promoting its home alarm services, including to individuals whose telephone numbers are registered on the national Do Not Call list, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.     This case challenges Defendant's practice of making unauthorized pre-recorded voice calls to consumers promoting its home alarm services.

2.     Defendant's unsolicited pre-recorded voice calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Virginia Telephone Privacy Protection Act, Va. Code § 59.1-514, and caused Plaintiff and members of the Classes to suffer actual harm, including the aggravation,

nuisance, loss of time, and invasions of privacy that result from the receipt of such calls, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3.      Accordingly, Plaintiff seeks an injunction requiring Defendant to cease making unsolicited pre-recorded voice calls to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4.      Plaintiff Hicks is, and at all times relevant to the allegations in the complaint was, a Newport News, Virginia resident.

5.      Defendant Alarm.com Inc. is a Delaware company headquartered in Fairfax County, Virginia.

## JURISDICTION & VENUE

6.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").   This Court has supplemental jurisdiction over Plaintiff's claim under the Virginia Telephone Privacy Protection Act, Va. Code § 59.1-514 ("VTPPA") claim pursuant to 28 U.S.C. § 1367(a), because the VTPPA claim arises out of the same facts and circumstances as Plaintiff's TCPA claim.

7.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District, and Defendant's unauthorized telemarketing scheme was directed by Defendant from this District.   Moreover, Plaintiff resides in and received the call and texts at issue within this District.

## FACTUAL ALLEGATIONS

8.    Defendant is a company that provides home alarm services.

9.    To increase its sales, and as part of a general cold call-based marketing scheme, Defendant markets its services using pre-recorded voice calls and text messages to consumers.

10.   This case arises from Defendant's unsolicited pre-recorded voice calls and text messages to Plaintiff and other consumers.

11.   Plaintiff registered his telephone number on the national Do Not Call registry on January 12, 2014.

12.   Plaintiff's telephone number is not associated with a business and is for personal use.

13.   In early April 2020, Plaintiff received a text message from phone number 954-507-9334 from Defendant promoting its home alarm services.   In response to the unsolicited text message, he responded with the text message "STOP."   Despite his stop request, he received another text message from Defendant a few days later.

14.   Defendant's telemarketing efforts include the use of autodialers to send telemarketing text messages.

15.    Recipients of these text messages, including Plaintiff, did not consent to receive them.

16.   Defendant used this equipment because it allows for thousands of automated texts to be sent at one time. Through this method, Defendant shifts the burden of wasted time to the consumers it texts with unsolicited messages.

17.   On April 9, 2020, Defendant called Plaintiff from phone number 954-507-9334 using a pre-recorded voice, without Plaintiff's consent. The pre-recorded voice stated that it was "Mark with home security promotion," solicited Plaintiff for home alarm services, and asked that Plaintiff

call him back at phone number 844-916-0448.  The audio file of the April 9th pre-recorded voice call is attached as Exhibit 1.

18.   When 844-916-0448 is called, the person who answers identifies the company as Alarm.com.

19.   Plaintiff believes the April 9, 2020 call used a prerecorded voice based on the generic and impersonal nature of the call, and the fact that other consumers have complained about receiving calls transmitting the identical prerecorded voice message.  *See* https://directory.youmail.com/directory/phone/9545079334 (last visited May 4, 2020).

20.   Defendant's unsolicited call and text messages were a nuisance that aggravated Plaintiff, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery components.

21.   On information and belief, Defendant, or a third-party acting on its behalf, made unsolicited, pre-recorded voice calls and sent unsolicited, autodialed text messages to thousands of consumers soliciting their purchase of home alarm services.  To the extent the calls were made by an agent on Defendant's behalf to consumers, Defendant provided the agent access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the making of the calls in violation of the TCPA.

22.   There are myriad online complaints regarding Defendant's unsolicited telemarketing practices.  *See, e.g.,* Should I Answer?, https://www.shouldianswer.com/phone-number/8449160448 (last visited May 4, 2020).

23.   Alarm.com has previously been sued over its TCPA violations.

24.   Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

**Prerecord Class:** All persons in the United States who, from four years prior to the filing of the initial complaint in this action through class certification, (1) received a pre-recorded voice call, (2) from Defendant (or an agent acting on behalf of Defendant) (3) for substantially the same purpose that Defendant called Plaintiff, and for whom (4) Defendant does not claim to have obtained prior express written consent, and/or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent from Plaintiff.

**Autodialed Class:** All persons in the United States who, from four years prior to the filing of the initial complaint in this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) using the same dialing equipment used to text message Plaintiff, (3) for substantially the same purpose that Defendant text messaged Plaintiff, and (4) for whom Defendant does not claim to have obtained prior express written consent, and/or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent from Plaintiff.

**Do Not Call Registry Class:** All persons in the United States who, from four years prior to the filing of the initial complaint in this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) text messaged and/or called more than one time, (2) within any 12-month period, (3) where the person's phone number had been listed on the national Do Not Call registry for at least thirty days, (4) for substantially the same purpose that Defendant called and/or text messaged Plaintiff, and for whom (5) Defendant does not claim to have obtained prior express written consent, and/or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent from Plaintiff.

**VTPPA Class:** All persons in the United States who, from two years prior to the filing of the initial complaint in this action through class certification, (1) Defendant (or an agent acting on behalf of Defendant) text messaged and/or called, (2) for substantially the same purpose that Defendant called Plaintiff, (3) after the person's phone number had been listed on the national Do Not Call registry, and for whom (4) Defendant does not claim to have obtained prior express written consent, and/or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent from Plaintiff.

25.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

26.    **Numerosity**: The exact size of the Classes are unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made unsolicited prerecorded voice calls and autodialed text messages to thousands of individuals who fall into the Class definitions. Class membership can be easily determined from Defendant's records.

27.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Classes. Plaintiff and the Classes sustained the same damages as a result of Defendant's uniform wrongful conduct.

28.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a)    How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the Classes;

b)      Whether Defendant's calls were made and text messages were sent for the purpose of marketing Defendant's services;

c)      Whether Defendant utilized a prerecorded voice and/or an automatic telephone dialing system to make calls and/or send text messages to Plaintiff and the members of the Classes;

d)      Whether Defendant sent text messages and/or made calls to Plaintiff and consumers whose phone numbers were registered on the Do Not Call registry;

e)      Whether Defendant made some or all of the calls or sent some or all of the text messages without the prior express written consent of Plaintiff and the Classes; and

f)      Whether Defendant's conduct was willful and knowing such that Plaintiff and the Classes are entitled to treble damages.

29.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

30.   **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

31.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Prerecord Class)

32.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 31 of this complaint and incorporates them by reference.

33.   Defendant and/or its agents made unsolicited calls to Plaintiff and the other members of the Class using a pre-recorded voice.

34.   Defendant made these pre-recorded voice calls *en masse* without the consent of Plaintiff and the other members of the Class.

35.   Defendant has, therefore, violated 47 U.S.C. § 227(b)(1).  As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Class)**

36.     Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference herein

37.     Defendant and/or its agents made unsolicited calls to Plaintiff and the other members of the Class using an automatic telephone dialing system.

38.     Defendant made these autodialed calls *en masse* without the consent of Plaintiff and the other members of the Class.

39.     Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A) and (B). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

40.     Plaintiff repeats and realleges the paragraphs 1 through 39 of this Complaint and incorporates them by reference herein.

41.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing

calls made by or on behalf of that person or entity."

43.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

44.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, phone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective phone numbers on the DNC, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Do Not Call Registry Class are each entitled to up to $1,500 in damages, for each violation.

**FOURTH CAUSE OF ACTION**
**Virginia Telephone Privacy Protection Act**
**(Violation of Va. Code § 59.1-514)**
**(On Behalf of Plaintiff and the VTPPA Class)**

46.   Plaintiff repeats and realleges the paragraphs 1 through 45 of this Complaint and incorporates them by reference herein.

47.   Defendant and/or its agents made unwanted solicitation telephone calls to phone numbers belonging to Plaintiff and the other members of the VTPPA Class.

48.   Defendant and/or its agents further initiated, or caused to be initiated, telephone solicitation calls to telephone numbers belonging to Plaintiff and the other members of the VTPPA Class after Plaintiff and the other members of the VTPPA Class registered their telephone numbers on the National Do Not Call Registry.

49.    These solicitation calls were made *en masse* without the consent of the Plaintiff and the other members of the VTPPA Class to receive such solicitation calls.

50.    Defendant did not have consent from the Plaintiff or the VTPPA Class to make these calls.

51.    Defendant has, therefore, violated Va. Code § 59.1-514. As a result of Defendant's conduct, Plaintiff and the other members of the VTPPA Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hicks, individually and on behalf of the Classes, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

b)    An award of actual and/or statutory damages, attorney' fees, and costs;

c)    An order declaring that Defendant's actions, as set out above, violate the TCPA and VTPPA;

d)    An injunction requiring Defendant to cease all unsolicited pre-recorded voice calling activity and all unsolicited autodialed text messaging, and to otherwise protect the interests of the Classes; and

e)    Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Hicks requests a jury trial as to all claims.

Dated: May 8, 2020

/s/ Michael L. Sturm
Michael L. Sturm (VSB # 27533)
Frank J. Sciremammano*
**LATHROP GPM LLP**
600 New Hampshire Ave, NW
The Watergate, Suite 700
Washington, DC 20037
michael.sturm@lathropgpm.com
frank.sciremammano@lathropgpm.com
Tel.: (202) 295-2200
Fax: (202) 333-4186

Avi R. Kaufman*
**KAUFMAN P.A.**
400 NW 26th Street
Miami, Florida 33127
Tel: (305) 469-5881
kaufman@kaufmanpa.com

Robert Ahdoot*
**AHDOOT & WOLFSON, PC**
1016 Palm Ave.
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585
rahdoot@ahdootwolfson.com

*Counsel for Plaintiff Craig Hicks
and all others similarly situated*

*\*Pro hac vice* motion forthcoming