2019 Virginia Laws Ch. 264 (S.B. 1041)

VIRGINIA 2019 SESSION LAW SERVICE

REGULAR SESSION

Additions are indicated by **Text**; deletions by
~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by ~~**Text**~~ .

Ch. 264

S.B. No. 1041

TELEPHONE—SOLICITATION—JOINT AND SEVERAL LIABILITY

An Act to amend and reenact §§ 59.1–510, 59.1–515, 59.1–516, and 59.1–517 of the Code of Virginia and to amend the Code of Virginia by adding a section numbered 59.1–514.1, relating to the Virginia Telephone Privacy Protection Act; joint liability of seller and telephone solicitor for violations; rebuttable presumption created.

Approved March 8, 2019

Be It Enacted by the General Assembly of Virginia:

1. That §§ 59.1–510, 59.1–515, 59.1–516, and 59.1–517 of the Code of Virginia are amended and reenacted and that the Code of Virginia is amended by adding a section numbered 59.1–514.1 as follows:

<< VA ST § 59.1–510 >>

**§ 59.1–510. Definitions; rule of construction**

As used in this chapter:

"Established business relationship" means a relationship between the called person and the person on whose behalf the telephone solicitation call is being made **or initiated** based on~~:~~ (i) the called person's purchase from, or transaction with, the person on whose behalf the telephone solicitation call is being made **or initiated** within the 18 months immediately preceding the date of the call or (ii) the called person's inquiry or application regarding any property, good, or service offered by the person on whose behalf the telephone solicitation call is being made **or initiated** within the three months immediately preceding the date of the call.

"Personal relationship" means the relationship between a telephone solicitor making **or initiating** a telephone solicitation call and any family member, friend, or acquaintance of that telephone solicitor.

**"Responsible person" means either or both of (i) a telephone solicitor or (ii) a seller if the telephone solicitation call offering or advertising the seller's property, goods, or services is presumed to have been made or initiated on behalf of or for the benefit of the seller and the presumption is not rebutted as provided in subsection B of § 59.1–514.1.**

**"Seller" means any person on whose behalf or for whose benefit a telephone solicitation call offering or advertising the person's property, goods, or services is made or initiated.**

"Telephone solicitation call" means any telephone call made **or initiated** to any natural person's residence in the Commonwealth, or to any wireless telephone with a Virginia area code **or to a wireless telephone registered to any natural person who is**

**a resident of the Commonwealth**, for the purpose of offering or advertising any property, goods**,** or services for sale, lease, license**,** or investment, including offering or advertising an extension of credit.

"Telephone solicitor" means any person who makes **or initiates**, or causes another person to make **or initiate**, a telephone solicitation call **on its own behalf or for its own benefit or on behalf of or for the benefit of a seller**.

<< VA ST § 59.1–514.1 >>

**§ 59.1–514.1. Joint liability of seller and telephone solicitor for prohibited acts; rebuttable presumption**
**A. A seller on whose behalf or for whose benefit a telephone solicitor makes or initiates a telephone solicitation call in violation of any provision of § 59.1–511, 59.1–512, 59.1–513, or 59.1–514 and the telephone solicitor making or initiating the telephone call shall be jointly and severally liable for such violation.**

**B. A telephone solicitation call offering or advertising a seller's property, goods, or services shall be presumed to have been made or initiated on behalf of or for the benefit of the seller, whether or not any agency relationship exists between the telephone solicitor and the seller, whether or not the seller supervised or directed the conduct of the telephone solicitor, and whether or not the telephone solicitor is shown to have acted at the seller's direction and request when making or initiating the telephone solicitation call. The presumption may be rebutted if it is shown by clear and convincing evidence that the seller did not retain or request the telephone solicitor to make telephone solicitation calls on the seller's behalf or for the seller's benefit and that the telephone solicitation calls offering or advertising the seller's property, goods, or services were made by the telephone solicitor without the seller's knowledge or consent.**

<< VA ST § 59.1–515 >>

**§ 59.1–515. Individual action for damages**
A. Any natural person who is aggrieved by a violation of this chapter shall be entitled to initiate an action **against any responsible person** to enjoin such violation and to recover **from any responsible person** damages in the amount of $500 for each such violation.

B. If the court finds a willful violation, the court may, in its discretion, increase the amount of ~~the award~~ **any damages awarded under subsection A** to an amount not exceeding $1,500.

C. Notwithstanding any other provision of law to the contrary, in addition to any damages awarded, such person may be awarded **under subsection A or B** reasonable ~~attorneys'~~ **attorney** fees and court costs.

D. An action for damages, ~~attorneys'~~ **attorney** fees, and costs brought under this section may be filed in an appropriate general district court or small claims court **against any responsible person** so long as the amount claimed does not exceed the jurisdictional limits set forth in § 16.1–77 or ~~§~~ 16.1–122.2, as applicable. Any action brought under this section that includes a request for an injunction shall be filed in an appropriate circuit court.

<< VA ST § 59.1–516 >>

**§ 59.1–516. Investigative authority**
~~A. The Commissioner of the Department of Agriculture and Consumer Services, or his duly authorized representative, shall have the power to inquire into possible violations of this chapter, and to request, but not to require, an appropriate legal official to bring an action under § 59.1–517 with respect to such violation.~~

~~B.~~  Whenever the Attorney General has reasonable cause to believe that any person has engaged in, is engaging in**,** or is about to engage in any violation of this chapter, the Attorney General is empowered to issue a civil investigative demand. The provisions of § 59.1–9.10 shall apply mutatis mutandis to civil investigative demands issued pursuant to this section.

<< VA ST § 59.1–517 >>

**§ 59.1–517. Enforcement; civil penalties**

A. The Attorney General, an attorney for the Commonwealth**,** or the attorney for any ~~county, city or town~~ **locality** may cause an action to be brought in the name of the Commonwealth or of the ~~county, city or town~~ **locality, as applicable,** to enjoin any violation of this chapter by any **responsible** person and to recover **from any responsible person** damages for aggrieved persons in the amount of $500 for each such violation.

B. If the court finds a willful violation, the court may, in its discretion, also ~~award~~ **assess against any responsible person** a civil penalty of not more than $1,000 for each such violation.

C. In any action brought under this section, the Attorney General, the attorney for the Commonwealth**,** or the attorney for the ~~county, city or town~~ **locality** may recover reasonable expenses incurred by the state or local agency in investigating and preparing the case, and ~~attorneys'~~ **attorney** fees.

D. Any civil penalties ~~awarded~~ **assessed** under ~~this section~~ **subsection B** in an action brought in the name of the Commonwealth shall be paid into the Literary Fund. Any civil penalties ~~awarded~~ **assessed** under ~~this section~~ **subsection B** in an action brought in the name of a ~~county, city or town~~ **locality** shall be paid into the general fund of the ~~county, city or town~~ **locality**.

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.